Next case on this morning's docket is the case of Quick Stop Food Shop v. Village of Cahokia and Gary Cordenwell, the Mayor and the Liquor Commissioner and we have Mr. James Gomrich for the appellant and we have Brian Bates for the appellate and you may begin Mr. Gomrich. Mr. Gomrich My name is James A. Gomrich. I represent the plaintiff below the appellant here today. This is in reference to a petition for rid of methamphetamines sought against the Mayor in his function as Liquor Commissioner for the Village of Cahokia. I am not the drafter of the brief as the Court might note from its review. The drafter got a better offer. As such, I'm here today. Another Gomrich. Another Gomrich. Very good. I pondered on this a considerable length last night in terms of how best to sum up this entire situation in a single phrase or two. And the best way that I think I can put it to this Court is that what this situation involves is more than heavy handed municipal government action and in the face thereof a claim of procedural default which was accepted by Judge McLennan. And when I say procedural default, I mean procedural default due to failure to explore administrative remedies. I'm honored and I'm privileged to speak here today on behalf of Quick Stop Food Shop, heavy emphasis on food shop. And I hope and I pray that on the heels of this, Mr. Hemden and this entity receive some type of process in relation to this matter. Perhaps I've taken longer than I need to to get to this point, but I make reference to what I refer to as heavy handed municipal government action. One March 2012, more than 15 months ago, we have Mayor Cornwall and the Chief of Police arrive at 995 Range Lane, Cahokia, Illinois. This is about the size of the business. At that time and on that date, a document is tendered to some party at the store, perhaps Mr. Hemden, but it reads, upon my recent review of all liquor licenses, it's come to my attention the lot line of your store at 995 Range is within 100 feet of the lot line of Cahokia High School's premises. This is a violation of state law in the village of Cahokia ordinances. You are to stop selling alcohol immediately. If you have any questions, give Carmen Durso a shout at a telephone number. This event was an action. This document does not constitute a cognizable order in accord with 235 ILCS 57-5. And I'll get to the chase there soon enough, I hope. It was an Alfred Mears act. It's an act unauthorized by state statute. Frankly, I wonder where we would have been if a week or so later he had just kept selling alcohol because the law doesn't allow a mayor to do this. Mind you, Quick Stop Food Shop had been in operation as a convenience store for some eight years prior to this date, at least from 2004 through 3-1-2012. Let's turn for a second to the claimed statutory basis for the revocation. When I say revocation, mind you, revocations accrue only on the heels of orders, not actions. Revocations only accrue on the heels of orders. The claim is that we got a problem about proximity. And frankly, interwoven throughout the proceedings below, you'll actually see it in their brief, that there's kind of a suggestion, look, he's never going to cure a 100-foot problem, so why even bother, you know, with a hearing? At least as I argued it. We see from the FLE's brief, wherein he references statutes involved, the initial one, I'm prepared to wrap my arms around it, generally speaking, mayors are liquor control commissioners. However, we start to get into trouble when we look at the second statute involved, which he cites as 235 ILCS 56-11, and the municipal counterpart there too, Cahokia Ordinance 113.18, which you'll find on the latter page, which directly parallels verbatim the statute from the ILCS. Now, I always get nervous, and I always get curious, when counsel employs language that constitutes portions of code provisions. You'll note from FLE's brief, where it says, that no license shall be issued for the sale and retail of any alcoholic liquor within 100 feet of any dot, dot, dot, school, dot, dot, dot, period. Close quote. Now, you read that, and you can write readily, a pretty bright-line construct of this. The only mystery that might remain in one's mind is the method by way of which measurement is effectuated, which isn't in play here today, but has been in the past. In other words, lot line is built. However, if you examine, and I don't think I'm reading this wrong, but if you look at the full text of the code provision, yes, you do see that reference, about 100 feet from a school. But you also have further language, provided that this prohibition shall not apply to hotels offering restaurant service, not applicable. Regularly organized clubs, not applicable. Or restaurants, doesn't apply. What else doesn't apply to you? Food shops or other places where the sale of alcoholic liquor is not, repeat not, the principal place or principal business, carry on in the place of business. There is a reference, if the place of business so exempted is not located in the municipality more than 500,000 people. That's the Chicago language. In other words, both below and here, there was a conscious determination made to, and by the mayor, apparently. I guess he didn't talk to Carmen before he gave me this letter. And that's all it is, is a letter. Maybe he didn't know this, but it's sure not in order. The point being, 100 foot, all by his lonesome, does not deprive this man of his tag, as far as his liquor license is concerned. If the municipality could, if they issued him a notice saying it's now incumbent on you to illustrate to us that your gross sales are of such an orientation that booze isn't your principal business, then he'd have a problem if he couldn't show it. But this is a convenience store, and he never had that opportunity to make that illustration. Now, throughout the proceedings below, and again here in this brief, we have conflation of the terms, and that's all we deal with in our jury, of the terms actions and orders. Both counsel for the village, and I don't know if one of them is representing Carmen below. When I say Carmen, I should say Mayor Carmen, and one was representing the village. But if you look at the record, and I urge you to do so, it's 23 pages in its sum totality. It's a pretty easy read. But you see throughout those proceedings, and in this brief, conflation, as I said before, of the terms actions and orders. Why did they have to do that? I'll tell you why. Because there never was an order. Well, I'm following you down to the statutes involved, and it says, except as provided in this section, an order or action of a local liquor control commissioner may be appealed. This is an action, isn't it? Let me get to that. Let's move on. It is an action. Good. And so you can appeal an action. You can appeal an action. And the reason why, I submit, you see that this got before employed. You can appeal an action. Obviously, this board is well aware that liquor control commissioners engage in a full array of discretionary acts on a daily basis that falls short of suspension and or revocation of licenses. Okay? And there's actually, I think it's 235-577, where we don't have seven people from the public want to complain about the mayor who's supposed to take action. Let me address, hopefully, your concern relative to why I think there's only revocations approving on the heels of orders as opposed to actions. This wasn't action. This was not. This was an overbearing and not statutorily authorized action, and as such, it was not an order. Let's examine carefully the language contained within 235 ILCS 575, revocation or suspension of local licenses. All right? And we cite to that provision in our brief. First of all, there's got to be three days written notice. You're entitled to. And open. In public hearing. The liquor control commissioner at this hearing in accord with this statute. Shall. Shall reduce all evidence for writing. And shall maintain an official record of the proceeding. All of these are rights adhering to someone who receives a letter like this. You get a hearing and you get a public hearing. And there is to be the reduction of evidence for writing. And there's supposed to be some kind of record of what went on. That's going to become important down the road in terms of this exhaustion of administrative remedies concept. And the last statute. Now, let's examine further 235 ILCS 575. Because what happens, or what at least is supposed to happen after you get the hearing that my guy never got. What's supposed to happen? The liquor control commissioner. Next paragraph. The local liquor control commissioner shall within five days after your public hearing. If he determines after such a hearing that the license should be revoked or suspended. Or that a fine should be imposed. I don't want to engage in the same conduct of which I complain. Mayor, what's he got to do? He's got to state the reason. Or reasons for such a determination in a written order. This isn't before your public hearing. This is after your hearing at which you are afforded the opportunity to present your side. Cannot be a revocation. Until. You get your notice. And says that or that the license has been revoked. What else does the mayor have to do? Not the day that he comes in with the gendarmes. He's got to make his findings. Reduce them to variety. Preserve a record. He's got to serve you with a copy of the order. Within five days. Statute is not specific as to the method of service. We never had any of it. I'm not going to venture therein. The receipt of the written order with the written findings. This appellants of his. Is the triggering event. For the 20 days. That they've been talking about. From Jump Street. I hope that I'm being. Operated with sufficient clarity. There never was a triggering event. For 20 days. So. Are you saying. The license wasn't revoked. I don't know where this man stands. Because I found. How do I answer that question? There was an interruption. Did they physically take the liquor license? I believe that the physical license was removed. In fact, I am confident from. I'm the third man in here. That usually gets you a game misconduct. But. They took the license off the wall. I do feel confident. So he had a problem. He just continued in the. Okay. I'm not trying to be. They came in. Handing a letter. Said you can't sell alcohol. And took his license. Sounds like a revocation of his license. Sounds like an action revoking his license. My point. Your honor. With due deference to. That which you say. Is. That. Our statutory scheme. Does not. Afford a municipality. To engage. In such an action. Our. And I don't think anybody disputes that. The question is, what's the remedy? And the statute says. You can appeal to the state commission. And one of the issues you can raise is. Whether the local liquor. Control commissioner. Has proceeded in the manner provided by law. Yes, they bypassed all the procedural steps here. But there was a remedy to appeal to the state commission. And get a remand for a hearing. Here's. Well, here's where things get. Yeah. This is a. This one. This one's not. I'm not here with somebody. Who's in a lot more trouble than Omar. But. The situation. Becomes even more mysterious. Because if you read on. Beyond the service reference. You will see. That, you know, talk about. Appealing there from. Well, the in my position. Relative to service. Being the triggering event. For the time frame. Well, you see that it says. In the following paragraph. The license sheet. The licensee. After the receipt. Of such order. There is a single. This is the statute. For reprovision. That governs. Revocation. There's not a single. There is. A. Provision that deals with. Seven day suspensions. If there's a matter of. Medium urge necessity. Not applicable here in. But there. You're not going to find a code provision. That says. Revocation. By way of action. Anyway. Excuse me. Mr. Garmick. Are you distinguishing. This case from Cypress. By the fact that. In Cypress there were actions. That were short of revocation. That were. Cypress involved. First of all. Involved first district. You can go ahead. Was a non-renewal case. It's distinct from this. In that it doesn't. It's not a revocation. They apply. And had some issues with the mayor. About. Multiple facilities. They apply. Inclusion of 2007. For a renewal in 2008. And they were denied renewal. Which is factually distinct. From this circumstance here. That would be. One of the ways I would. Distinguish that precedent. I've got five. Okay. Thank you. Thank you. Opportunity for rebuttal. Mr. Funk. May. Please. Support. My. Name is Brian. I represent. In this case. And. Put.  Succinctly. As. Possible. Plaintiff's. Claims. Were.   Nothing. That judge. Could have done. To resuscitate those. Plaintiff's. Exclusive. Branch. Of the. City. Of the. City. As a. Licensee. Under the. Liquor. Control. Act. Was.  Appeal. To the. State. Commission. And that's. Clear. Not only. In the statute. But in the case. Law. Cited. In our brief. The Cypress. Lounge. Case. Is. Directly. On point. The legislature. Has. An assignment. To create. An administrative.  To hear. Claims. Of. Licensees. Under the. Liquor. Control. They. Set forth. A statutory. Framework. That. States. Exactly. What type. Of. Claims. Can be. Heard. By the. State. Commission. And in that. Statutory. Framework. You find. Section. Seven. Dash. Nine. Which was referenced. Earlier. Which states. That. In a. Licensee. Can appeal. Whether the local. Liquor. Control. Commissioner. Proceeded. In the manner. Provided by law. So. If you feel. You've been wrong. By not. Being given. A hearing. By not. Being given. A sufficient. Hearing. By not. Being able. To present. Evidence. That you wanted. To. Present. By.  A feeling. That the. Written. Decision. Was not. Sufficient. Not. Detailed. All. Of those. Issues. Should. Be appealed. To the. Liquor. Control. Act. And. You have. And the licensee. Has more. Rights. Under the. Liquor. Control. Act. Then. The. Replication. In this case. Would have been. Automatically. Stayed. And the plaintiff. Would have been able. To continue. To operate. His business. And while. This procedure. Was going. Forward. Not only. Did the plaintiff. Was he required. To appeal. To the state. Commission. But he was also. Required. Under. Seven. Section. Seven. Dash. Ten. To file. For a. Rehearing. So not only. Did they miss. The first step. Of filing. For a hearing. With the state. Commission. Within 20 days. Which is mandatory. But the plaintiff. Also. Failed. To file. For a. Rehearing. And that. Divested. The circuit court. Of any jurisdiction. That it could have had. On judicial review. And the circuit court. Could have reviewed it. If the plaintiff. Would have filed. Followed those. Procedures. This is. This case. Is no different. Than. A statute of limitations. Case. The. The result. May seem. Harsh. To the plaintiff. But. The plaintiff. Must comply. With the law. In order. For the court. To exercise. Jurisdiction. Over. Their case. And. As I stated. The Cypress. Lounge. Case. Is. Exactly. On point. It's a case. Where. A letter. Was sent. By the mayor. By the. Local. Liquor. Control. Commissioner. Stating that. Your license. Is going to be revoked. And the plaintiff. Did. Close to what. The plaintiff. Did in this case. In that case. The. Plaintiff. In the. Cypress. Lounge. Case. The plaintiff. Requested. For a written. Mandamus. And requested that. They be. Given. A hearing. That was not done. In this case. And I know. The plaintiff. Pointed that out. In their. Brief. And cited. Some cases. Where. A written. Mandamus. Was upheld. To require. A governmental. Entity. To hold a hearing. But. That issue. And I'll. Go on. To say why. That issue. Is irrelevant. But that issue. Was waived. It's not. In their. Complaint. I know. Mr. Gomrich. Wasn't. The attorney. On. At the. Circuit court. Level. But that. Was never. Included. In the. Plaintiff. Therefore. That issue. Is waived. Even. If. That issue. Was. Preserved. For this court. To. Review. It falls. Again. Into section. Seven dash. Nine. That's a procedural. Issue. And the act. Specifically states. That procedural. Issues will be taken up. By the state. Commission. Very. Quickly. Put the. Cases. Plaintiff. Cited. With. In that regard. The Harris. Case. And the. Jessel. Case. Are cases. Where. The governmental. Entity. Took. No. Action. Did. Nothing. And they filed. An action. For mandamus. In order. To get them. To take action. That's not. The issue here. The mayor. In this case. Took action. There's no doubt. In my mind. That he. Revoked. The liquor license. Of the plant. And that he. Provided them. With a written. Order. Telling them why. It was revoked. So. Those. Cases. Are. Distinguishable. From. The situation. Here. Not only. That. But they did not. Involve. Well. The Jessel. Case. Which is the district. Court. Case. Northern district. Court. Case. Which. Did involve. Control. Act. The Harris. Case. Involved. Involved. A. Interpretation. Of the liquor. Control. Act. The Jessel. Case. There was no indication. In the opinion. Whether the. Exhaustion. Of administrative remedies. Whether. That issue. Was. Even. Raised. As far. As. Addressing. A couple. Things. The council. Referred. To. As far. As the gross. Sales. Of the planet. As far. As what. Defenses. They. They may or. May not. Have. Or. They believe. They have. That's beyond. The scope. Of the record. In this case. This was. A two six. Fifteen. Motion. We admit. For purposes. Of the emotion. The factual. Allegations. And the complaint. And there was. No discovery. Conducted. I don't know. What. What the gross. Sales were. Or what. What kind. Of defense. The planet. May have had. And. The council. Also indicated. The planet. Didn't have. An opportunity. To be heard. Well. He did have. An opportunity. To be heard. And that was before. The state commission. And his business. Continued. Running. Without missing. A beat. Until that hearing. Was. Was. Resolved. Plans. Seems. Their. Plans. Arguments. Seems. To be. That. Because. They feel. Slighted. Procedurally. That then. They can. Circumvent. Go ahead. And circumvent. The act. Circumvent. The jurisdiction. Of the state commission. And go. Directly. To the. Circuit court. And that's. Just not. The case. Two wrongs. Don't make. A right. Even if. The. Mayor. Did that. Inappropriately. And. If. That were. Allowed. Then a. Plaintiff. Could simply. Short form. Shot. In these cases. Determine where. They would get. A better. Shape. And. And. And go. To that case. Or go. To that. Opinion. Also a. Plaintiff. By going to. Circuit court. Could recover. Damages. Where clearly. The legislature. Has determined that. They don't want. That happening. They don't want. A business. A business. Doing that. They are going. To stay. The. Decision of the local. Liquor. Control. Commissioner. And. Resolve that. Without. The need. For. A lawsuit. In. Some. The. The. Statutes. Clear. Plain language. Of the. Statutes. Clear. Unambiguous. The case. Law. The Illinois. Court. Case law. Is. Directly. On point. And. We believe. It's clear. That plaintiff. Failed. To resolve. Its. Administrative. Remedies. And therefore. The circuit. Court. Did not have. Jurisdiction. Of this case. And we ask. That you affirm. The decision of the circuit court. Thank you. Mr. Connery. Mr. Connery. Do you have a vote? Please do. I reference. The gross sales. In direct. Response. To. Their. Misquoting. 235. ISCS. 56-11. That statute. Has specific reference. To that. Examination. Of their. Brief. Gives the reader. The indication. That there is. No requisite. Examination. Of that. Matter. This is a. Circumstance. We can. Where. The. Action. As long. As it's not. An order. Whatever. The notice. The letter. Was. An event. That was. Void. That is our position. It's been our position. Throughout. And. By. Way. Of being. Void. By. Way. Of being. It. Makes. The circumstance. Herein. Distinct. From both. Miller. As well. As. By. The way. My. Response. To your. Inquiry. Judge. Miller. Was the case. About. Not. I meant. No offense. By. Way. Inability. Specific. Recollection. There's reference. A waiver. We're. Asking. For a hearing. We're. Asking. Basically. What we're. Asking. This board. To do. Is enter. An order. Reversing. The one. Line dismissal. Order. Entered. By. Suspends. This matter. The Trump. With instruction. That amending. A given on. You. That they will. To the stand. For the four. Year. And these I'll for the receipt. Or involve summary. There is more. For defense. This matter. In general. That I would. Move this. This appeal. Moving on. To. The. The. This.  Will. Always. He'll. Be. To a review. Of the official record. For the. Proceeding. Such. A. State. Commission. By. The order. There is. A. Control. Proceed. Provided by. But there is. Also. The effect. The only. Which may be considered. You shall be. Found. In the. Now. Is. Our submission. That that would have been. I don't know. What appeal. And. Chose. To. Have. By way. Of some. That I know. Not. He never did. A. Order. Never did. Receive an order. From the mayor. Triggering the 20. Day application. But it does. Say. No. Additional evidence. Shall be. Considered. By. The draft. Brief. District. Court. Case. They. Consider. The merits. Of a case. Much. Like this. In the federal. District. Court. I can. Assure. You. That. It's. The same district. Where. The. Fabric. Lounge case. Was decided. Federal. District. Courts. Are. In the business. Of addressing. The merits. If they can dispose. Of it. If they think so. By way. Of anything. Equitable. By way. Of a procedure. Order. I mean. The case. Is instructive. To this. Court. Although. It's. Not binding. It is certain. Persuasion. Because. It tells. This. Court. That another. Court. Is of a view. That. In a circumstance. Akin. To this. Somebody. In that. Thank you. Summary.  Was. Partially. Granted. When. It was allowed. To proceed. Further. As. Some aspects. Of it. I. Appreciate. The. Court. Hearing. I. Hope. That this man. Has an opportunity. To have some kind. Of hearing. Somewhere. At some point. In time. I urge. The court. To review. The record. Below. Because. There is. Great effort. Made. In our. Application. Of the two. Terms. Action. And orders. As if they are. Interchanged. Thank you. Thank you. Mr. Godwin. Thank you. Mr. Thompson. I take. Commander. Under.